Johnson, J.
The paper offered in evidence and rejected by the circuit court is a copy of the memorial of a grant by the state of North Carolina to Samuel Young, for 300 acres of land. It states, in a concise way, the number of the grant, the water course on which it was located, the corners, the courses and distances of the lines, and the day on which the grant issued. Annexed, thereto, is a copy of the plat remaining in the office ofthe Secretary of State of North Carolina; all of which is regularly certified by the Secretary of State, and Governor of the state of North Carolina. The rejection of this evidence constitutes the first ground of the present motion.
The act of 1803, (1 Brevard 319-320J .enacts, “ that it shall be lawful at any time,, hereafter, in every court of {his *301 State, for any party, plaintiff or defendant, to produce in evidence a copy certified, by the Secretary of State and Surveyor general, of any grant and plat ofland issued under the authority of this state, or certified copies of grants under the authority of the state of North Carolina;” to which a proviso is annexed, that the party so offering it, shall swear that it is out of his power to produce the original.
To enable us to come to a correct interpretation of this act, it will be necessary briefly to recur to the state of things which had preeeeded and then existed.
At the date of this grant, 1767, the boundary line between this state, and North Carolina was undefined, and she then claimed and exercised jurisdiction over a considerable portion of the northern and western part of this state, and granted a great proportion of the most valuable lands.
These grants were held, to be valid, and suits, which involved the. titles derived from them, were of frequent occurrence; and in many of them, as was to be expected, the parties were unable to produce the original, and it became necessary to supply this defect. On resorting to the office of the Secretary of State for North Carolina, it was found that it was not ■then the usage to record the grant, and all that the office furnished was the plat and a memorial of the grant corresponding with that offered in evidence in this case. In the early cases it was usual to examine the Secretary of State or other officer, having the custody of the record, to prove that such memorial and plat was all the record made of the grant, and they were uniformly admitted by the courts of justice, on proof of the loss of the original, as the next best evidence. In time, the fact, that the records furnished nothing else, became a matter of public notoriety, it was as familiar to the bench and to the bar, as the time and place of holding the courts, and .proof of it was thought unnecessary ; and this was the state of things existing at the time the act was passed.
The objection to the admissibility of this evidence is, that it is not a copy within the meaning of the act.
Herndon for the motion.
Clendenin contra.
It is obvious that the legislature did not intend to su« crease the difficulties of the parties, by throwing a new obstacle in the way of a fair and impartial trial, but, on the contrary to facilitate it by substituting the oath of the party, instead of the common law mode of proving the loss of the original. — Ft was then, as before observed, notorious and of course known to the legislature, that literal copies of the grants issued by North Carolina could not be obtained 5 they must therefore have intended to mean such copies only as could be procured from the proper office. If this matter was even more doubtful, on the maxim ui magis valiát quam gerictt, it ought to receive thi- construction ; for without it there is no subject on which this provision could operate, and it would fill an idle page of the Statute Book. The court, therefore, unanimously concur in the opinion, that the motion to set aside the nonsuit should prevail, and a new trial is accordingly ordered. — From this view of the case the consideration of the remaning ground is wholly superceded 5 as proof of the presumption of a grant cannot be necessary when the grant is in existence.
Caleb Clarke for the motion.
Wm. í*. De Sausswe contra.